**RENA v. UNITED STATES.**
No. 6489.

Circuit Court of Appeals, Fifth Circuit.
May 17, 1932.

Lake Hays, of Memphis, Tenn., for appellant.

Lester G. Fant, U. S. Atty., of Holly Springs, Miss.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellant pleaded guilty to an indictment which charged him in several counts with the unlawful possession and sale in the Northern district of Mississippi of intoxicating liquor in violation of the National Prohibition Act (title 2, § 3 [27 USCA § 12]). He was sentenced to serve thirty months in a county jail in that district, but the execution of the sentence was suspended, and he was placed on probation for five years. At a subsequent term, but within the probation period, he was arrested and brought before the court, and, for good cause shown, the court revoked the suspension of sentence and committed him to serve the sentence originally imposed. He thereupon filed a petition for the writ of habeas corpus on the theory that he could not lawfully be imprisoned in the county jail, and that the sentence could not be amended so as to require imprisonment elsewhere because the term at which it was imposed had expired. After a hearing the court denied the application for habeas corpus, and from its order to that effect, this appeal was taken.

The maximum imprisonment authorized by statute is five years. 27 USCA § 91. The court did not undertake to amend the original sentence, but merely revoked the order suspending it, as it had the right to do. 18 USCA § 725. Where a person convicted of an offense against the United States is sentenced for a period longer than one year, the court may order the sentence executed "in any State jail or penitentiary within the district or State where such court is held, the use of which jail or penitentiary is allowed by the Legislature of the State for that purpose." 18 USCA § 695. The use of its county jails for the confinement of federal prisoners is authorized by the state of Mississippi. Code of 1930, § 3340. Besides, so long as the state permits a prisoner of the United States to remain in one of its jails, the prisoner has no right to complain, and the sentence under which he is detained is lawful. In re Karstendick, 93 U. S. 396, 23 L. Ed. 889. Federal prisoners are in the custody of the Attorney General, who is authorized by law to designate places of confinement, and at his discretion to order the transfer of prisoners from one penal institution to another. 18 USCA § 753f. We therefore conclude that appellant's imprisonment in a county jail in Mississippi is lawful.

The judgment is affirmed.